OPINION *Page 2 
{¶ 1} Appellant Michael C. Rogers, Sr., appeals his conviction, in the Richland County Court of Common Pleas, on aiding or abetting sexual battery, aiding or abetting sexual imposition, and aiding or abetting gross sexual imposition. The relevant facts leading to this appeal are as follows.
 {¶ 2} In late May 2006, Alicia Drengberg, a former co-worker of appellant's wife, Tabitha Rogers, turned twenty-one years old. Tabitha Rogers had contacted Alicia several times asking if Alicia would go out to celebrate with her and appellant. Alicia finally agreed to go out with Tabitha and appellant, and the date of June 23, 2006 was selected. Tabitha and appellant picked Alicia up at the Mansfield apartment of Alicia's friend, Kristin Green, sometime after 11:00 PM. They proceeded to George's Bar in Shelby, Ohio, arriving at around midnight on June 24, 2006. When they arrived, Tabitha supplied Alicia with one-half of a white pill, which Tabitha told her would help prevent a hangover.
 {¶ 3} Between midnight and the time of closing, Alicia consumed four mixed drinks, two beers, and two shots of Tequila. At the end of the evening, appellant had to assist the intoxicated Alicia to the car. As the three left George's, with appellant driving, Alicia had to get out of the car and throw up in the parking lot. At a stop at a nearby gas station, Alicia again threw up. Tabitha and appellant told Alicia that the party was going to continue at their apartment in Lexington, Ohio, even though Alicia had planned on returning to Kristin Green's apartment. Before reaching Lexington, Alicia threw up on herself in the backseat. Appellant eventually carried her into the apartment because of her intoxicated state. *Page 3 
 {¶ 4} Alicia threw up two more times, and finally tried resting on the bathroom floor inside the Rogers' apartment. Tabitha came by with a t-shirt and boxer shorts for Alicia to wear. Tabitha completely undressed Alicia, and then assisted her in putting on the aforesaid undergarments. Appellant then carried Alicia to the bedroom floor. Alicia threw up again, this time into a Styrofoam bucket. She then passed out.
 {¶ 5} Later that night, Alicia awoke when Tabitha entered the bedroom and asked her if she would perform oral sex on appellant. Alicia said she would not, to which Tabitha replied: "I thought you were a better friend than that." Tr. at 197. After Tabitha left the bedroom, Alicia contemplated leaving through the window, but she still felt too sick and intoxicated. She then passed out again.
 {¶ 6} Alicia next awoke to appellant lying down behind her. He proceeded to pull down her boxer shorts and rub her vaginal area with his hand. Alicia sensed that appellant was masturbating as well. She then felt appellant remove her tampon and commence vaginal intercourse with her. After about two minutes of intercourse, appellant got up and quietly left the bedroom. A short time later, Tabitha came into the bedroom and inserted a new tampon into Alicia.
 {¶ 7} Still too sick and intoxicated to get up or use her cell phone, Alicia passed out again. She woke up at about 11 AM on June 24, 2006, and gathered her clothes, finding her original underwear under a pile of laundry. After Alicia got dressed, Tabitha gave her some pop and crackers, and then drove her back to Kristin Green's apartment. Tabitha asked her if she remembered anything from the night before. Alicia, somewhat fearful, pretended she could not remember. *Page 4 
 {¶ 8} Alicia met up with her roommate, Amanda Cottrell, at Kristin Green's place. Alicia was upset, and soon told Amanda that she had been sexually assaulted by appellant the night before. Alicia refused, however, to contact law enforcement authorities.
 {¶ 9} The next day, June 25, 2006, after contemplating for some time, Alicia telephoned Todd Yarger, her ex-boyfriend. Upon hearing about the incidents of June 23rd and 24th, Yarger, an Ohio National Guardsman, immediately went to Alicia's apartment and convinced her to make a report with the Lexington Police Department. After speaking with detectives and filling out a written statement, Alicia went to the hospital for an examination by Jodi Flynn, a S.A.N.E. nurse. Alicia later turned over to police some of her clothing from the day before.
 {¶ 10} As a result of the ensuing investigation, which included the discovery of semen in the rape kit which was genetically matched to appellant's DNA, the Richland County Grand Jury indicted appellant on one count of aiding or abetting sexual battery, one count of aiding or abetting gross sexual imposition, and one count of aiding or abetting sexual imposition. Tabitha Rogers was similarly indicted. Both Tabitha and appellant pled not guilty, and agreed to a joint trial.
 {¶ 11} The matter proceeded to a jury trial on October 4-5, 2007. The jury found appellant guilty of one count of aiding or abetting sexual battery, one count of aiding or abetting sexual imposition, and one count of aiding or abetting gross sexual imposition.[1] On October 8, 2007, the trial court sentenced appellant to six years in prison. *Page 5 
 {¶ 12} On November 7, 2007, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 13} "I. THE TRIAL COURT ERRED PREJUDICIALLY IN EXCLUDING RELEVANT EVIDENCE, DEPRIVING THE ACCUSED OF THE RIGHT TO CONFRONT AND EFFECTIVELY CROSS-EXAMINE WITNESSES AGAINST HIM.
 {¶ 14} "II. THE TRIAL COURT ERRED PREJUDICIALLY IN EXCLUDING PRIOR DRUG USE AND PRIOR ALCOHOL USE BY THE ALLEGED VICTIM FROM CROSS-EXAMINATION, WHERE HER TESTIMONY LEFT OUT ADMISSIONS OF TAKING ECSTASY (MDMA) ON PRIOR OCCASIONS AND SHE HAD A JUVENILE HISTORY OF UNDERAGE CONSUMPTION OF ALCOHOL.
 {¶ 15} "III. THE ACCUSED WAS DEPRIVED OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL WHERE THE JURY INSTRUCTIONS IN THE CASE WERE PLAINLY ERRONEOUS AND INCORRECTLY STATED THE LAW AS APPLIED TO THIS CASE, MAKING HIS CONVICTION A FOREGONE CONCLUSION."
 I. {¶ 16} In his First Assignment of Error, appellant contends the trial court erred excluding certain evidence from presentation to the jury. We disagree.
 {¶ 17} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180, 510 N.E.2d 343. Our task is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. *Page 6 
 {¶ 18} Appellant specifically maintains the trial court should not have excluded information that Alicia is the single mother of a two-year-old child. The issue was argued before the trial court bench, with both defense attorneys urging that the existence of the child was relevant to the arrangements Alicia would have needed to make to go out and celebrate her birthday. In response, the prosecutor argued on grounds of relevancy that Alicia had given birth more than two years prior to the events at issue, and further that no exceptions under Ohio rape shield statute (R.C. 2907.05(D)) were applicable such as to allow the evidence. Tr., July 18, 2007, at 2-7.
 {¶ 19} Evid. R. 403(A) states as follows: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Upon review, even discounting the applicability of the rape shield statute, we are unpersuaded that the trial court abused its discretion under these circumstances, as the court could have properly found that the limited import of the existence of Alicia's child, in regard to the core issue of whether she was sexually assaulted by appellant, was outweighed by the risk that the jury would make unwarranted inferences about Alicia's sexual past.
 {¶ 20} In light of the entire record in the case sub judice, we hold it was within the trial court's discretion to disallow the aforementioned evidence regarding Alicia. Appellant's First Assignment of Error is overruled. *Page 7 
 II. {¶ 21} In his Second Assignment of Error, appellant argues the trial court erred in barring defense cross-examination of the victim, Alicia, concerning her past drug and alcohol use.[2] We disagree.
 {¶ 22} A trial court, in its sound discretion, may limit the time or the scope of cross-examination of witnesses. See, e.g., State v.Lauderdale (Oct. 22, 1984), Montgomery App. No. 8460, citing Calderon v.Sharkey (1982), 70 Ohio St. 2d 218. Evid. R. 404(A) provides, with certain exceptions, that evidence of a person's character is not admissible to prove the person acted in conformity with that character. Furthermore, Evid. R. 608(B) prohibits the admission of extrinsic evidence of specific instances of conduct, for the purpose of attacking or supporting the witness' character for truthfulness, other than for certain convictions of a crime. State v. Pettrey (Oct. 23, 2000), Stark App. No. 99CA277. Such instances "may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness concerning the witness's character for truthfulness or untruthfulness * * *." Evid. R. 608(B)(1).
 {¶ 23} Upon review of the record, we find that use of evidence that Alicia may have consumed drugs or alcohol as a juvenile, several years before the incident at issue, has limited probative value as to whether she was telling the truth about the sexual assault of June 24, 2006, and therefore the trial court did not abuse its discretion in disallowing same.
 {¶ 24} Accordingly, appellant's Second Assignment of Error is overruled. *Page 8 
 III. {¶ 25} In his Third Assignment of Error, appellant contends the trial court deprived him of a fair trial by issuing plainly erroneous jury instructions.
 {¶ 26} We first note defense counsel did not object to the trial court's jury instructions as required by Crim. R. 30(A). However, under Crim. R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452, the Ohio Supreme Court discussed the application of the plain error doctrine in the context of an allegedly erroneous jury instruction. The Court stated: "* * * [A]n erroneous jury instruction `does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.'State v. Long (1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804. Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." Id. at 227.
 {¶ 27} In the present case, the trial court followed the format of the sexual battery and sexual imposition instructions set forth in the Ohio Jury Instructions. As to the sexual battery charge the court stated:
 {¶ 28} "Michael and Tabitha Rogers are charged first with aiding or abetting sexual battery. Before you can find one or both of them guilty of aiding or abetting sexual battery, you must find beyond a reasonable doubt that on or about June 24th, 2006, here in Richland County, that defendant knowingly aided or abetted another in engaging in sexual conduct with Alicia Drengberg, a person who was not either person's *Page 9 
spouse, and that the defendant knew that Ms. Drengberg's ability to appraise the nature or control of her own conduct was substantially impaired." (Tr. 465-466).
 {¶ 29} As to the sexual imposition charge, the court stated:
 {¶ 30} "The third crime Michael and Tabitha Rogers are charged with is aiding or abetting sexual imposition as opposed to gross sexual imposition. Before you can find one or both of them guilty of aiding or abetting sexual imposition, you must find beyond a reasonable doubt that on or about June 24, 2006, here in Richland County, Ohio, that defendant knowingly aided or abetted another person in having sexual contact with another who was not his or her spouse, and that the defendant either knew that the contact was offensive to Ms. Drengberg or was reckless in that regard, or that defendant knew that Ms. Drengberg's ability to appraise the nature of or to control the touching person's conduct was substantially impaired." (Tr. 470-471).
 {¶ 31} Appellant's chief concern is an inadequate definition of "substantial impairment" for the jury. However, neither the sex offenses section of the Revised Code nor the pertinent portions of the Ohio Jury Instructions define the term "substantial impairment." The definition of said term is thus left to the plain and ordinary meaning provided by the jurors. Cf. State v. Haskell, Seneca App. No. 13-03-45, 2004-Ohio-3345, ¶ 17. Under the facts and circumstances of the case sub judice, we do not find the existence of plain error regarding the aforecited jury instructions, as we are unpersuaded that but for the error, the outcome of the trial clearly would have been otherwise. Long, supra. *Page 10 
 {¶ 32} Appellant's Third Assignment of Error is overruled.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Tabitha Rogers was found guilty on two counts and has separately appealed. See Richland App. No. 2007-CA-0095.
[2] Appellant does not appear to argue that Alicia's purported juvenile record should have been brought up on cross-examination. See Evid. R. 609(D). *Page 1