[Cite as *State v. Kornegay*, 2013-Ohio-658.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 12 MA 10 |
| | ) | |
| WALTER KORNEGAY, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 10CR1261

JUDGMENT:                    Affirmed

APPEARANCES:
For Plaintiff-Appellee       Paul Gains
                             Prosecutor
                             Ralph Rivera
                             Assistant Prosecutor
                             21 W. Boardman St., 6th Floor
                             Youngstown, Ohio 44503

For Defendant-Appellant      Attorney Donna Jewell McCollum
                             201 E. Commerce Street, Suite 346
                             Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: February 19, 2013

DONOFRIO, J.

{¶1} Defendant-appellant, Walter Kornegay, appeals from a Mahoning County Common Pleas Court judgment revoking his community control and sentencing him to four years in prison.

{¶2} On December 2, 2010, a Mahoning County Grand Jury indicted appellant on one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(1)(C).

{¶3} After initially pleading not guilty, appellant entered into a plea agreement with plaintiff-appellee, the State of Ohio, and changed his plea to guilty. In exchange, the state recommended that the trial court impose community control sanctions on appellant. The trial court accepted appellant's guilty plea.

{¶4} On January 5, 2011, the court sentenced appellant to four years of community control to be supervised by the Adult Parole Authority (APA). The court also advised appellant that if he violated his community control terms, he would be subject to a more severe sanction including an eight-year prison sentence and a fine.

{¶5} On June 30, 2011, the state filed a motion on behalf of the APA to extend or revoke appellant's community control alleging that appellant violated his community control terms. Appellant waived his right to a probable cause hearing and stipulated to probable cause.

{¶6} Appellant subsequently entered a guilty plea to the violation of community control. The court found that appellant committed the crimes of burglary, robbery, and receiving stolen property while on community control. The court proceeded to sentencing and sentenced appellant to four years in prison to be served consecutive to his sentence for the other crimes.

{¶7} Appellant filed a timely notice of appeal on January 17, 2012.

{¶8} Appellant's counsel has filed a no merit brief and request to withdraw as counsel pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous.

{¶9} The *Toney* procedure is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at the syllabus.

{¶10} This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief. Likewise, the state did not file a brief.

{¶11} There are two issues to examine in this case, whether the trial court abused its discretion in revoking appellant's community control and whether appellant's sentence was proper.

{¶12} A trial court's decision to revoke probation is reviewed for an abuse of discretion. *State v. Scott*, 6 Ohio App.3d 39, 41, 452 N.E.2d 517 (2d Dist.1982). Abuse of discretion implies that the court's ruling was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶13} The state's burden at a probation revocation hearing is not proof beyond a reasonable doubt. *State v. Hilson*, 7th Dist. No.11-MA-95, 2012-Ohio-4536, ¶10. Instead, the state need only present evidence of a substantial nature showing that the probationer has breached a term or condition of his probation. *Id.*

{¶14} Pursuant to Crim.R. 32.3(A), "[t]he court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." Due process requires that before revoking community control, the trial court must (1) hold a hearing to determine if probable cause exists to believe the defendant has violated the terms of his probation and then (2) hold a hearing to determine if probation should be revoked. *State v. Harris*, 7th Dist. No.11-MA-51, 2012-Ohio-1304, ¶15.

{¶15} In this case the trial court held the two requisite hearings. At the probable cause hearing, appellant stipulated to probable cause. Then at the revocation hearing, appellant entered a guilty plea to the violation of his community control and openly discussed his drug problem with the court. He stated that he knew he "messed up" and had "to be punished for my crime." (Tr. 10). Hence, the trial court did not abuse its discretion in revoking appellant's community control.

{¶16} The second issue we must examine is whether appellant's sentence is contrary to law and whether the trial court abused its discretion in sentencing him.

{¶17} Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. *Id.* at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of

discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶17 (O'Connor, J., plurality opinion).

{¶18} The trial court sentenced appellant to four years for a second-degree felony. The possible sentences for a second-degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Thus, appellant's sentence was clearly within the applicable range.

{¶19} Furthermore, in ordering appellant to serve his sentence consecutive to his sentence in the underlying case, the trial court complied with R.C. 2929.14(C)(4), which sets out findings the court must make when sentencing a defendant to consecutive prison terms for multiple offenses. At sentencing, the trial court found that appellant committed the crimes "during the course of the time period where he was involved in other matters" and that this demonstrated that a sentence on a single term would not adequately represent the seriousness of the offenses and would not adequately protect the public. (Tr. 13-14). The court also noted that recidivism was a "big problem". (Tr. 14). It pointed out that when it gave appellant the opportunity for day reporting and treatment, he was not able to comply. (Tr. 14). Thus, the trial court gave adequate support under R.C. 2929.14(C)(4) for ordering consecutive sentences.

{¶20} Additionally, the court stated that it "considered Defendant's record, violation report, oral statements, and the principles and purposes of sentencing under ORC §2929.11 and balanced the seriousness and recidivism factors under ORC §2929.12." Thus, the court considered the applicable sentencing statutes and also considered several other factors in reaching its sentence. There is no indication that the trial court abused its discretion in sentencing appellant.

{¶21} In sum, after conducting an independent review of the proceedings in the trial court, we find there are no non-frivolous issues for review.

{¶22} For the reasons stated above, the trial court's judgment is hereby affirmed. Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

DeGenaro, .P.J., concurs.