[Cite as *State v. Esmail*, 2013-Ohio-2165.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 11 CO 35 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| AMAD ESMAIL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
                             Court, Case No. 10 CR 144.

JUDGMENT:                    Conviction Affirmed.
                             Remanded for Resentencing.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Robert L. Herron
                             Prosecuting Attorney
                             Attorney Ryan Weikart
                             Asst. Prosecuting Attorney
                             105 S. Market Street
                             Lisbon, OH  44432

For Defendant-Appellant:     Attorney James Gentile
                             Attorney Ronald Yarwood
                             Attorney Edward Czopur
                             42 N. Phelps Street
                             Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                             Dated: May 20, 2013

DeGenaro, P.J.

{¶1} Defendant-Appellant, Amad Esmail, appeals the decision of the Columbiana County Common Pleas Court convicting him of three counts of trafficking in drugs, two counts of aggravated trafficking in drugs, one count of aggravated possession of drugs, and two counts of possession of drugs and sentencing him accordingly. On appeal, Esmail challenges several aspects of his sentence. He contends that the trial court failed to make the requisite findings before imposing consecutive sentences. Next, he argues that the trial court erred in imposing prison terms rather than community control sanctions for his fifth-degree felonies. He also contends that the trial court abused its discretion in imposing maximum sentences for his third-degree and fifth-degree felonies. Finally, he argues that the trial court erred by failing to consider a risk reduction sentence.

{¶2} Only one of Esmail's assignments of error has merit. The trial court failed to make all of the required findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences; thus, Esmail's sentence was contrary to law. As to the other assignments of error, the trial court did not err in imposing prison terms for Esmail's fifth-degree felonies. Further, the trial court's sentence was not an abuse of discretion. Finally, risk reduction sentencing was optional and the trial court did not err in failing to state that it considered such a sentence. Accordingly, Esmail's conviction is affirmed and this cause is remanded for resentencing.

## Facts and Procedural History

{¶3} On May 27, 2010, the Columbiana County Grand Jury issued a secret indictment charging Esmail with three counts of trafficking in drugs (R.C. 2925.03(A)(1)), third-degree felonies; two counts of aggravated trafficking in drugs (R.C. 2925.03(A)(1)), and one count of aggravated possession of drugs (R.C. 2925.11(A)), all first-degree felonies; and two counts of possession of drugs (R.C. 2925.11(A)), fifth-degree felonies. These charges stem from four dates during a three-week period where Esmail sold Oxycontin pills and heroin from a gas station that he operated. On June 18, 2010, Esmail was arraigned and pled not guilty. On April 4, 2011, Esmail filed a motion for treatment in lieu of conviction, which the trial court denied.

{¶4} On August 26, 2011, Esmail and the State entered into a Crim.R. 11 plea

agreement. Esmail withdrew his previous plea of not guilty and agreed to plead guilty to all eight counts in the indictment. The State recommended a sentencing structure grouping the offenses by degree for a total 8 year prison term. The State opposed community control sanctions, but Esmail requested a lesser sentence and a presentence investigation. At the plea hearing, the trial court accepted Esmail's guilty plea and granted the request for the PSI.

{¶5} On October 27, 2011, the matter came before the trial court for a sentencing hearing. The State summed up the facts supporting the charges, arising out of transactions taking place at Esmail's gas station within 1,000 feet of a day care center as follows: "In total, over five days, this Defendant possessed and sold, and/or sold, 453 Oxycontins, over five and half grams of heroin. The street value on the Oxycotins alone being over $31,000. That's not a recreational user, Your Honor. That's a drug dealer." The State also argued a prison sentence was warranted given Esmail's 2006 convictions on several counts of drug trafficking in Trumbull County resulted in a Drug Court diversion and being placed on community control to no effect. Defense counsel urged the court to impose a minimum sentence and concurrent terms. Defense counsel characterized Esmail's criminal activity as a result of a long-term drug addiction and explained that despite past involvement in Drug Court, he had not received adequate drug rehabilitation. Counsel further noted that Esmail's offenses took place over a short period of time and involved only one person purchasing the drugs. The court also gave Esmail an opportunity to speak. Esmail stated that he works hard and is dedicated to his family. He explained that his addiction began 10 years ago when he was sick and an employee offered him an Oxycontin pill. He emphasized that he was not out in the community "starting trouble" but was confined to the gas station all day.

{¶6} At the sentencing hearing, the trial court made note of a 2003 drug related conviction in addition to the 2006 convictions noted by the State. The following were the only findings made by the trial court relative to sentencing and pertinent to the issues raised here on appeal:

{¶7} "Mr. Amad, I have considered all of the appropriate factors in this case, I

believe; including the Presentence Investigation." The trial court goes on to note two prior convictions for drug-related offenses, concluding: "I do not believe that you are amenable to Community Control. Again, based on the past record * * * " Finally the trial court states: "I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

{¶8} On November 3, 2011, the trial court issued a judgment entry sentencing Esmail pursuant to the sentencing structure the State recommended. For the first-degree felonies: 3 years on Count 1; 4 years on Count 5; and 4 years on Count 6, these terms to be served concurrently with each other but consecutive to the other prison sentences. For the third-degree felonies: 3 years on Count 2; 3 years on Count 3; and 3 years on Count 4, these terms to be served concurrently with each other but consecutive to the other prison sentences. For the fifth-degree felonies: 1 year on Count 7 and 1 year on Count 8, these terms to be served concurrently with each other but consecutive to the other prison sentences. Thus, the trial court sentenced Esmail to a total 8 year term of incarceration.

### Felony Sentence Review

{¶9} Esmail presents four assignments of error on appeal. Because these assignments of error all concern review of his sentence and are analyzed under the same standard of review, they will be addressed together and slightly out of order, for ease of analysis:

{¶10} "The sentence imposed against Mr. Esmail was in violation of 2929.14(C)(4) and an abuse of discretion as the trial court did not make the necessary findings before imposing consecutive sentences."

{¶11} "The trial court abused its discretion by imposing prison sentences for Mr. Esmail's fifth degree felony convictions."

{¶12} "The trial court abused its discretion in imposing maximum sentences on each of the felony three and felony five non-violent drug convictions against Mr. Esmail."

{¶13} "The trial court erred in failing to consider 'risk reduction' pursuant to ORC §

2929.143, despite counsel's requests, before imposing maximum sentences."

{¶14} When reviewing a felony sentence, an appellate court first reviews the sentence to ensure that the sentencing court clearly and convincingly complied with the applicable laws. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶4. A trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* at ¶15. If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* at ¶17, 19-20. An abuse of discretion means more than an error of law or judgment; but rather implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

### Consecutive Sentences

{¶15} The General Assembly recently amended Ohio's felony sentencing statutes in Am. Sub.H.B. No. 86 which became effective September 30, 2011. Because the trial court sentenced Esmail on November 3, 2011H.B. 86 applies to his sentence.

{¶16} Before H.B. 86 was enacted, the Ohio Supreme Court held "there is no mandate for judicial fact-finding in the general guidance statutes." *State v. Foster*, ¶42. *Foster* struck down as unconstitutional R.C. 2929.14(E)(4), which at that time governed the imposition of consecutive sentences, because it required judicial fact-finding.

{¶17} However, this aspect of *Foster's* holding was later undercut by the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). As the Ohio Supreme Court noted in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, "[a]fter *Ice*, it is now settled law that * * * the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." *Id.* at ¶19. The *Hodge* Court concluded, however, that *Ice* did not revive the former consecutive sentencing provisions held to be unconstitutional in *Foster*, stating that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new

legislation requiring that findings be made." *Id.* at paragraphs two and three of the syllabus.

**{¶18}** With the passage of H.B. 86 in 2011, the Ohio Legislature has re-enacted verbatim the consecutive sentencing provisions of former R.C. 2929.14(E)(4) as they existed prior to *Foster*, although the provisions have been renumbered.

**{¶19}** Specifically, R.C. 2929.14(C)(4) now provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶20}** While Esmail concedes that his sentence was within the statutory range, he argues that the trial court failed to make the requisite findings to impose consecutive sentences in violation of R.C. 2929.14(C)(4).

**{¶21}** Here, the trial court made the following relevant findings during the sentencing hearing, in addition to acknowledging the drug trafficking convictions in Trumbull County in 2006 noted by the State:

"Okay. Mr. Amad, I have considered all of the appropriate factors in this case, I believe; including the Presentence Investigation."

* * *

"I would also note, sir, back in 2003, according to my review, was the first time that there was some sort of a drug-related offense. I do not believe that you are amendable to Community Control. Again, based on the past record that I see reflected in the Presentence Investigation."

* * *

"I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

**{¶22}** In the November 3, 2011 sentencing entry, the trial court stated that it also considered "the purposes and principles of sentencing, and all other relevant factors, (O.R.C. 2929.11 and 12)."

**{¶23}** The trial court did find that Esmail's sentence was necessary to protect the public and to punish the offender, but this was the only one of the three findings required by R.C. 2929.14(C)(4) the trial court made before imposing consecutive sentences. The trial court did not find that the consecutive sentences are not disproportionate to the seriousness of Esmail's conduct and to the danger he poses to the public. And although the trial court noted Esmail's prior record, it did so in the context of community control; no finding was made with respect to consecutive sentences in light of Esmail's record. While the trial court did state that it believed the sentence was consistent with "Senate Bill 86." this was not enough to comply with R.C. 2929.14(C)(4). Although the trial court was not required to use the exact words of the statute, generally citing to H.B. 86 is not sufficient to show the court made the required statutory findings.

{¶24} Other courts interpreting this provision have looked to pre-*Foster* precedent analyzing former R.C. 2929.14(E)(4) to interpret R.C. 2929.14(C)(4). For instance, in *State v. Davis*, 8th Dist. Nos. 97689, 97691, and 97692, 2012-Ohio-3951, the Eighth District concluded:

> Under R.C. 2929.14(C)(4), the trial court must state its findings in support of consecutive sentences on the record at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus. However, it is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶12.

*Davis* at ¶8.

{¶25} Similarly, in *State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, the Eleventh District concluded: "in making findings regarding consecutive sentencing, 'a verbatim recitation of the statutory language is not required by the trial court.' " *Id.* at ¶60, quoting *State v. Green*, 11th Dist. No.2003-A-0089, 2005-Ohio-3268, ¶26, citing *State v. Grissom*, 11th Dist. No.2001-L-107, 2002-Ohio-5154, ¶21.

{¶26} In *Frasca*, during the sentencing hearing the trial court emphasized Frasca's extensive criminal record and noted that many of Frasca's prior convictions were for felonious assault, menacing and aggravated menacing. The trial court further "found that the victim in the Felonious Assault case was cut 'pretty severely.' The trial court finally found[:] 'based on your past record, that is the reason I have given the sentence I have.' In the sentencing entry the trial court also stated that the 'Court finds that the offender's criminal history shows that consecutive terms are needed to protect the public.'" *Frasca* at ¶58-59.

{¶27} Drawing from recent precedent from other districts, the Eleventh District concluded that the trial court's findings were sufficient:

The [trial] court noted on the record Frasca's extensive record and this record being the basis for the sentence. It also stated in the Entry that a consecutive sentence was needed to protect the public. Such findings have been found sufficient to satisfy the factual findings requirement under R.C. 2929.19(C)(4). *State v. Jones*, 1st Dist. No. C–110603, 2012–Ohio–2075, ¶ 23 (where the trial court stated during the sentencing hearing that it was ordering the prison terms to be served consecutively because the defendant had an extensive criminal history and the victims had been seriously injured, these statements were sufficient to show that the trial court's imposition of consecutive sentences was appropriate and complied with R.C. 2929.14(C)(4)); *State v. Johnson*, 8th Dist. No. 97579, 2012–Ohio–2508, ¶ 12 (when the court made findings related to the appellant's specific conduct in the case and his repeated engagement in criminal activity, it properly found that the sentence was not disproportionate to his conduct and threat he posed to society).

*Frasca* at ¶60.

**{¶28}** Recently, in *State v. Kornegay*, 7th Dist. No. 12 MA 10, 2013-Ohio-658, this court held that the trial court complied with R.C. 2929.14(C)(4) where, at sentencing, it "found that appellant committed the crimes 'during the course of the time period where he was involved in other matters' and that this demonstrated that a sentence on a single term would not adequately represent the seriousness of the offenses and would not adequately protect the public. The court also noted that recidivism was a 'big problem'. It pointed out that when it gave appellant the opportunity for day reporting and treatment, he was not able to comply." (Internal record citations omitted.) *Id.* at ¶19. *See also State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, where this court held the findings made by the trial court at the sentencing hearing and in the sentencing entry complied with H.B. 86.

**{¶29}** Conversely, a statement by the trial court that the "statutory conditions for

consecutive sentences have been met," is insufficient and requires a remand for resentencing. *State v. Bradley*, 5th Dist. No. 2012CA00011, 2012-Ohio-4787, ¶43-45. Similarly, in *State v. Upkins*, 3d Dist. No. 17–12–13, 2012-Ohio-6114, the Third District reversed and remanded for resentencing where the trial court said it "considered the consecutive factors under R.C. 2929.14(C)(4)," but failed to elaborate on all of the factors. *Id.* at ¶4. Recently, in *State v. Farnsworth,* 7th Dist. No. 12 CO 10, 2013-Ohio-1275, this court held that the trial court making only two of the three required findings warranted reversal for resentencing.

**{¶30}** The statements made by the trial court here are more in line with those at issue in *Bradley* and *Upkins* and are therefore insufficient to comply with the findings requirement contemplated by H.B. 86.

**{¶31}** Esmail's sentence is contrary to law because the trial court failed to make all of the required findings before imposing consecutive sentences under R.C. 2929.14(C)(4). Accordingly, Esmail's first assignment of error is meritorious.

### Prison Sentences for Fifth-Degree Felonies

**{¶32}** Esmail's second argument is that the trial court abused its discretion in imposing prison terms for the fifth-degree felonies because under R.C. 2929.13(B)(1)(b), the court lacked discretion to impose a prison term rather than community control sanctions. Alternatively, he contends that even if the court had discretion to impose a prison term, it failed to make the requisite findings pursuant to R.C. 2929.13(B)(3) before imposing the prison terms.

**{¶33}** Esmail was convicted of two counts of possession of drugs pursuant to R.C. 2925.11(A), which are fifth-degree felonies. The trial court sentenced him to a one year prison term for each count. The record reveals that Count 7 involved Methylphenidate and Count 8 involved Oxycodone, both Schedule II controlled substances. R.C. 2925.11(C)(1)(a) directs that for such an offense, the trial court should apply R.C. 2929.13(B) in determining whether to impose a prison term.

**{¶34}** Esmail has misinterpreted R.C. 2929.13(B). Sub-part (1) provides in relevant part:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) The offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of

this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

**{¶35}** The trial court must sentence an offender convicted of a non-violent fifth-degree felony to at least one year of community control if all of the factors in R.C. 2929.13(B)(1)(a)(i)-(iii) apply, except when one of the factors in (B)(1)(b) apply; then the court has discretion to impose a prison term. R.C. 2929.13(B)(1) does not apply to Esmail because he was previously convicted of a felony ((B)(1)(a)(i)) and in the instant case, he was sentenced on first-degree and third-degree felonies in addition to the fifth-degree felonies ((B)(1)(a)(ii)). Because all of the factors in R.C. 2929.13(B)(1)(a) do not apply to Esmail, it is not necessary to examine the exceptions contained in (B)(1)(b).

**{¶36}** R.C. 2929.13(B)(2) provides that if (B)(1) does not apply, the court must determine whether any of the nine factors under (B)(2)(a)-(i) apply. None of these nine factors apply to Esmail and the court did not make any such findings; thus, R.C. 2929.13(B)(3)(b) instructs that

[I]f the court does not make a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.

**{¶37}** Accordingly, if the trial court had determined that community control sanctions were consistent with the statutory purposes and principles of sentencing, then

the trial court would be required to sentence Esmail to community control. However, at the sentencing hearing, the court stated that it did not believe community control sanctions were appropriate due to Esmail's past criminal record reflected in the PSI. The court also found that Esmail's sentence was consistent with the purposes of felony sentencing, protecting the public and punishing the offender. The trial court properly considered Esmail's two prior drug-related offenses and reasonably determined that community control sanctions were not appropriate. Because the trial court did not find that community control was consistent with the purposes of sentencing in this case, the trial court was not required to impose community control sanctions upon Esmail. Accordingly, Esmail's second assignment of error is meritless.

### Risk Reduction Sentences

{¶38} Esmail's fourth argument is that the trial court erred by failing to consider sentencing him to a risk reduction sentence pursuant to R.C. 2929.143 when counsel requested consideration of this statute during the sentencing hearing.

{¶39} R.C. 2929.143 provides in pertinent part:

(A) When a court sentences an offender who is convicted of a felony to a term of incarceration in a state correctional institution, the court may recommend that the offender serve a risk reduction sentence under section 5120.036 of the Revised Code if the court determines that a risk reduction sentence is appropriate * * *.

{¶40} R.C. 5120.036 provides that if the court recommends a risk reduction sentence and the offender successfully completes such programming or treatment, then the Department of Rehabilitation and Correction shall release the offender to supervised release after the offender has served all of his or her mandatory terms and a minimum of eighty percent of his or her aggregated nonmandatory prison terms.

{¶41} During the sentencing hearing, defense counsel did note that the trial court could recommend Esmail for a risk reduction sentence. The trial court did not explicitly state its consideration of risk reduction sentencing during the hearing; however, as

discussed above, the trial court did state that it believed that Esmail's sentence was consistent with "Senate Bill 86." Furthermore, in the sentencing entry, the trial court stated that it considered the statements of counsel.

**{¶42}** As Esmail notes, neither this court nor the other appellate districts have interpreted R.C. 2929.143. However, the statute states that "the court *may* recommend that the offender serve a risk reduction sentence under section 5120.036 of the Revised Code if the court determines that a risk reduction sentence is appropriate." (emphasis added.) R.C. 2929.143(A). The statute gives the trial court the option of recommending such a sentence if the court finds it is appropriate. Moreover, the statute does not appear to require that the trial court specifically state its consideration of a risk reduction sentence on the record. Thus, the trial court did not err in failing to state that it considered a risk reduction sentence. Accordingly, Esmail's fourth assignment of error is meritless.

### Maximum Sentences

**{¶43}** Esmail's final argument is that the trial court abused its discretion in sentencing him to the maximum sentences for his third-degree and fifth-degree felonies. Although we have concluded that Esmail's sentence was clearly and convincingly contrary to law because the trial court erred with respect to H.B. 86 sentencing issues, we will still review whether the sentence was an abuse of discretion as the case will be remanded for resentencing, and this analysis is instructive. *See Kalish* at ¶15 ("If on appeal the trial court's sentence is * * * clearly and convincingly contrary to law, * * * the appellate court's review is at an end.").

**{¶44}** The trial court sentenced Esmail to a three year prison term for each of three counts of trafficking in drugs (R.C. 2925.03(A)(1)), third-degree felonies, which were the maximum terms for these offenses. *See* R.C. 2929.14(A)(3)(b). The court sentenced Esmail to a one year prison term for each of two counts of possession of drugs (R.C. 2925.11(A)), fifth-degree felonies, which were the maximum terms for these offenses. *See* R.C. 2929.14(A)(5). However, as the State notes, the trial court ran the third-degree felony offenses concurrently to each other and ran the fifth-degree felony offenses

concurrently to each other. Thus, Esmail received three years for the three third-degree felonies out of a possible nine year sentence and one year for the two fifth-degree felonies out of a possible two year sentence.

{¶45} Upon review of the sentencing hearing transcript and the record, these sentences were not an abuse of discretion. Esmail had a prior conviction in 2006 for aggravated trafficking in drugs and committed another drug-related offense in 2003, which the court considered during sentencing. In 2003, Esmail was charged with various drug possession offenses, placed in Trumbull County Drug Court and the charges were dismissed upon his successful completion of Drug Court. In 2006, Esmail was convicted of multiple drug trafficking offenses, was sentenced to five years community control, and received an early termination of his community control in January 2009; approximately six months before he committed the present offenses in June and July 2009.

{¶46} Regarding the present offenses, on four dates in June and July 2009, Esmail sold 85 Oxycontin pills for $3,915, 1.8 grams of heroin and 4 Oxycontin pills for $350, 4.9 grams of heroin for $800, and 50 Oxycontin pills for $2,250. On July 28, 2009, officers executing a search of the gas station uncovered more drugs and $7,680 in cash on Esmail's person.

{¶47} Esmail mainly argues that the trial court abused its discretion because he sold drugs to a single buyer and thus was not a threat to the public, only to himself. He claims that the trial court could have sentenced him to community control sanctions, rather than maximum prison terms. However, the indictment reveals that Esmail committed his trafficking offenses within the vicinity of a school, which belie his claims that he was not a threat to the public. Moreover, during his allocution statement, Esmail downplayed the seriousness of his crimes by stating that he only sold drugs from his gas station and was not causing trouble in the community. The trial court properly considered his two prior offenses, as well as the information in the PSI and the appropriate sentencing factors, and the court's imposition of these maximum sentences was reasonable. Moreover, the trial court's overall sentence was not an abuse of discretion. Accordingly, Esmail's third assignment of error is meritless.

{¶48} In conclusion, only one of Esmail's assignments of error has merit. The trial court failed to make all of the required findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences; thus, Esmail's sentence was contrary to law. As to the other assignments of error, the trial court did not err in imposing prison terms for Esmail's fifth-degree felonies. Further, the trial court's sentence was not an abuse of discretion. Finally, risk reduction sentencing was optional and the trial court did not err in failing to state that it considered such a sentence. Accordingly, Esmail's conviction is affirmed and this cause is remanded for resentencing.

Donofrio, J., concurs.

Waite, J., concurs.