[Cite as *State v. Holmes*, 2014-Ohio-2724.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 76 |
| V. | ) | |
| | ) | OPINION |
| SHEROD HOLMES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 13CR156

JUDGMENT:                        Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee            Paul Gains
                                 Prosecutor
                                 Ralph M. Rivera
                                 Assistant Prosecutor
                                 21 W. Boardman St., 6th Floor
                                 Youngstown, Ohio 44503

For Defendant-Appellant           Attorney Edward A. Czopur
                                 42 North Phelps St.
                                 Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 19, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Sherod Holmes appeals the decision of the Mahoning County Common Pleas Court sentencing him to consecutive sentences for one count each of gross sexual imposition and importuning. He contends that the court erred in imposing consecutive sentences by failing to fulfill its judicial fact-finding duties under R.C. 2929.14(C).

{¶2} On March 27, 2013, Holmes pleaded guilty to a bill of information containing two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1)(C)(1), fourth-degree felonies and two counts importuning in violation of R.C. 2907.07(B)(1)(F)(3), fifth-degree felonies. In exchange, the state agreed to recommend a twenty-four month term of imprisonment and that it would not object to judicial release after he had served six months of that sentence.

{¶3} Sentencing was held on April 24, 2013. The court sentenced Holmes to a concurrent twelve-month term of imprisonment on each of the counts. The court also ordered the term for one of the gross sexual imposition counts to be served consecutively with one of the terms for the importuning counts for an aggregate sentence of twenty-four months in prison on all counts. This appeal followed.

{¶4} Holmes's sole assignment of error states:

> The sentence imposed against Mr. Holmes was in violation of [R.C.] 2929.14(C)(4) and an abuse of discretion as the trial court did not make the necessary findings before imposing consecutive sentences.

{¶5} In support of his argument that the trial court did not make the necessary findings for consecutive sentences, Holmes quotes the court's statement at the sentencing hearing concerning the consecutive sentences:

> [I]n order to protect the public and recognizing the severity of the offenses involved and what the Court deems as a recidivism factor in this type of crime, the Defendant in the second count, Count Four, will be sentenced -- or in Count Three, will be sentenced consecutively to the sentence imposed in Count One and Count Two.

(Sentencing Hearing Tr. 22.)

**{¶6}** In response, the state argues that the record supports the trial court imposition of consecutive sentences referring to the fact that: (1) Holmes pleaded guilty to four sexually-related offenses against three separate victims that occurred on three separate occasions; (2) Holmes committed the offenses while he was employed as a probation officer for Mahoning County Juvenile Court; and (3) two of the victims' mothers spoke at the sentencing hearing about the effect that these offenses had on their daughters. The state also points to the trial court's statement at the sentencing hearing that it was considering the principles and purposes of sentencing, and that consecutive sentences were needed to protect the public, based upon the severity of the offenses, and the likelihood of recidivism.

**{¶7}** Pursuant to 2011 H.B. 86, effective September 20, 2011, a court imposing consecutive sentences must make certain findings. This legislation was enacted in response to the Ohio Supreme Court's statement that its *Foster* decision was incorrect in striking down statutory consecutive sentence provisions and that the legislature would need to enact a new statute to revive any requirement of findings for consecutive sentences. *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus.

**{¶8}** R.C. 2929.14(C)(4) sets forth the findings required for imposition of consecutive sentences:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} In analyzing whether a sentencing court complied with R.C. 2929.14(C)(4), this court has held that a trial court is not required to recite any magic or talismanic words when imposing consecutive sentences but it must be clear from the record that the trial court engaged in the appropriate analysis. *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254, ¶ 40; *State v. Bellard*, 7th Dist. No. 12 MA 97, 2013-Ohio-2956, ¶ 17. "Although the trial court is not required to recite the statute verbatim, there must be an indication that the court in fact found that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public, and (3) one of the findings described in subsections (a), (b) or (c). R.C. 2929.14(C)(4)." *Bellard* at ¶ 17. *See also Power* at ¶ 37.

{¶10} Because the record can either contain magic words or words which reflect that a finding was actually made, determining whether a sentencing court has complied with R.C. 2929.14(C)(4) has become fact specific, particularly where the

sentencing court has not employed the magic words. Some recent examples from this appellate district follows.

{¶11} In *State v. Verity*, 7th Dist. No. 12 MA 139, 2013-Ohio-1158, the sentencing court stated:

> THE COURT: * * * Well, as everybody is aware, I have the benefit of having the pre-sentence investigation. I am sure your lawyer has gone over it with you. *And of particular interest to the court is that these four different counts are your * * * ninth, tenth, eleventh, twelfth felony count. When you committed these offenses you were already out on community control. In addition to that, you have a minimum of at least 12 prior misdemeanor convictions all involving thievery, theft, criminal trespass,* everything, which is indicative also, I might add, recognizing you that you have obviously some underlying problem. But your underlying problem, obviously, in the years past has been kicked aside and ignored and obviously must have [sic] recognized that something transpired, at least in this twelfth felony, that it was about time to do something. But at the same time it was a little late. I might also add I am not taking into account you have had more cases dismissed than the average citizen has filed against them. And, obviously, you stood in front of judges and told them that, you know, you are trying to do what you can. * * *
>
> But taking everything into account, particularly your prior criminal history, your history of reoffending, all of a similar nature, and in reviewing the principles and purposes of sentencing, and in particular in reviewing the crimes that you committed while you are under the control of another court, and it shows this court that *consecutive sentencing is needed to protect the public.* And I might also add that in the PSI, in the pre-sentence investigation, it is noted that there was a *very significant loss* of damages.

(Emphasis sic.) *Verity* at ¶ 34.

**{¶12}** This court found that the above statement was enough to establish compliance with R.C. 2929.14(C)(4)(c) (history of criminal conduct), but went on to add that Verity's sentencing entry contained a more explicit finding from the sentencing court with regard to proportionality: "The Court finds that in order to protect the public and not punish the Defendant disproportionately and pursuant to § 2929.14(C)(4) that a consecutive prison term is necessary due to Defendant's previous convictions and a high risk of recidivism." *Id.* at ¶ 36.

**{¶13}** In *State v. Kornegay,* 7th Dist. No. 12 MA 10, 2013-Ohio-658, the appellant was convicted of violating community control by committing burglary, robbery and receiving stolen property offenses. Apparently referring to R.C. 2929.14(C)(4)(c) (history of criminal conduct), this court held that the sentencing court's findings were enough for imposition of consecutive sentences where:

> At sentencing, the trial court found that appellant committed the crimes "during the course of the time period where he was involved in other matters" and that this demonstrated that a sentence on a single term would not adequately represent the seriousness of the offenses and would not adequately protect the public. (Tr. 13-14). The court also noted that recidivism was a "big problem". (Tr. 14). It pointed out that when it gave appellant the opportunity for day reporting and treatment, he was not able to comply. (Tr. 14). Thus, the trial court gave adequate support under R.C. 2929.14(C)(4) for ordering consecutive sentences.

*Kornegay* at ¶ 19.

**{¶14}** Conversely in *State v. Esmail,* 7th Dist. No. 11 CO 35, 2013-Ohio-2165, this court reversed the trial court's sentence for failing to make sufficient findings pursuant to R.C. 2929.14(C)(4). In *Esmail,* the trial court stated in the sentencing entry that it considered "the purposes and principles of sentencing, and all other relevant factors, (O.R.C. 2929.11 and 12)." *Id.* at ¶ 22. During the sentencing hearing

the trial court, in addition to acknowledging the defendant's prior drug trafficking convictions as noted by the State, made the following findings:

> I have considered all of the appropriate factors in this case, I believe; including the Presentence Investigation.
>
> * * *
>
> I would also note, sir, back in 2003, according to my review, was the first time that there was some sort of a drug-related offense. I do not believe that you are amendable to Community Control. Again, based on the past record that I see reflected in the Presentence Investigation."
>
> * * *
>
> I do believe that this sentence today is consistent with the terms of Senate Bill 86. Again, the primary purposes of which are to protect the public and to punish the offender."

*Esmail* at ¶ 21.

**{¶15}** This court held that these findings were insufficient as a matter of law:

> The trial court did find that Esmail's sentence was necessary to protect the public and to punish the offender, but this was the only one of the three findings required by R.C. 2929.14(C)(4) the trial court made before imposing consecutive sentences. The trial court did not find that the consecutive sentences are not disproportionate to the seriousness of Esmail's conduct and to the danger he poses to the public. And although the trial court noted Esmail's prior record, it did so in the context of community control; no finding was made with respect to consecutive sentences in light of Esmail's record. While the trial court did state that it believed the sentence was consistent with "Senate Bill 86." this was not enough to comply with R.C. 2929.14(C)(4). Although the trial court was not required to use the exact words of the statute,

generally citing to H.B. 86 is not sufficient to show the court made the required statutory findings.

*Esmail* at ¶ 23.

**{¶16}** The only findings concerning consecutive sentences that can be gleaned from the trial court's statements in this case came towards the end of the hearing when the court actually pronounced the sentence:

COURT: Okay. Taking everything into consideration and the Defendant's appearance of some remorse, and considering the principles and purposes of sentencing, it is going to be the order of the Court in Count One, the felony four, Gross Sexual Imposition, the Defendant will be sentenced to a 12-month stay at the Lorain Correctional Facility.

In Count Two, that's also a Gross Sexual Imposition, it will be the order of the Court that the Defendant will be sentenced to a 12-month stay in Lorain Correctional Facility. That Count Two will be served concurrently with Count One.

In Count Three, the Importuning count, a felony of the fifth degree, the Defendant will be sentenced to a 12-month stay at the Lorain Correctional Facility, and *in order to protect the public and recognizing the severity of the offenses involved and what the Court deems as a recidivism factor in this type of a crime*, the Defendant in the second count, Count Four, will be sentenced -- or in Count Three, *will be sentenced consecutively* to the sentence imposed in Count One and Count Two.

Count Four, it's another felony five, Importuning. The Defendant will be sentenced to a 12-month stay at the Lorain Correctional Facility to be served concurrently with the sentence imposed in Count One and Two.

Thus, the Defendant has a total of two years' confinement.

(Emphasis added.) (Sentencing Hearing Tr. 21-23.)

{¶17} The May 3, 2013 sentencing entry itself contains no findings relative to the court's imposition of consecutive sentences.

{¶18} Here, the trial court did not make all of the three findings required for imposition of consecutive sentences. The first required finding is that consecutive sentences are necessary to protect the public from future crime *or* to punish the offender. Here, the court met this requirement when it stated that it was imposing consecutive sentences "in order to protect the public."

{¶19} The second required finding is that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct *and* to the danger he poses to the public. The court's statement that it was imposing consecutive sentences in order to "recogniz[e] the severity of the offenses involved" would seem to be enough to support that there was a finding that consecutive sentences were not disproportionate to the seriousness of the defendant's conduct. Arguably, the court's statement that it was imposing consecutive sentences "in order to protect the public" could be construed as a reference to whether Holmes posed any danger to the public. But, due to the complete absence of the third required finding, it is unnecessary for us to reach a conclusion in that regard.

{¶20} The third required finding is one of the findings described in subsections (a), (b), or (c) to R.C. 2929.14(C)(4). Based on the record before this court, it does not appear that subsections (a) or (c) would be applicable. There was no indication that Holmes had been under any type of judicial sanction or constraint at the time he committed these offenses or that he had prior history of criminal conduct. But, given that there were multiple offenses, subsection (b) might be applicable if the harm caused was so great or unusual that consecutive sentences were necessary to address the seriousness of Holmes's conduct. As indicated, the trial court mentioned the severity of the offenses. However, it did not reference the harm caused by those offenses.

**{¶21}** In sum, the trial court's failure to adequately address consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing combined with the complete absence of any such findings in the judgment entry of sentence itself leads us to the conclusion that Holmes's sentence is contrary to law because the trial court failed to make all of the required findings before imposing consecutive sentences under R.C. 2929.14(C)(4). Accordingly, Holmes's sole assignment of error has merit.

**{¶22}** The judgment of the trial court is reversed and this case remanded for resentencing.

Waite J., concurs.

DeGenaro, P.J., concurs.